IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Teal, | ) | C/A No. 3:18-2645-MGL-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| State Farm Fire and Casualty Co., | ) | |
| Defendant. | ) | |

Plaintiff James Teal, a self-represented litigant, filed this civil action against the named defendant. This matter is before the court on the plaintiff's motion for subpoenas. (ECF No. 26.) Plaintiff's motion appears to request witness subpoenas as well as subpoenas *duces tecum* from a non-party. (Id.)

As an initial matter, to the extent Plaintiff seeks witness subpoenas for appearance at trial, his request is premature and is therefore denied without prejudice to refile his motion at the appropriate stage of litigation.

Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

The court's authorization of a subpoena *duces tecum* requested by a *pro se* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(d)(1). The court must limit a plaintiff's discovery requests if the documents sought from the non-party are "cumulative or

duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C); see also Badman, 139 F.R.D. 601, 605 (M.D. Pa. 1991) ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."). Additionally, the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks. See Badman, 139 F.R.D. at 605; Sickler v. Curtis, No. 2:11-cv-0205, 2012 WL 3778941, at *2 (E.D. Cal. Aug. 31, 2012).

In his current motion, Plaintiff has not presented the information necessary for the issuance of a subpoena *duces tecum*. Specifically, Plaintiff must:

(1)    clearly identify what documents he is seeking and from whom;

(2)    explain how the requested documents are relevant to his case;

(3)    show that the requested documents are obtainable only through the identified third party;

(4)    show that he has arranged for service of his proposed subpoenas *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure; and

(5)    demonstrate to the court that he has made provision or has the funds necessary to pay the subpoenaed party for the costs associated with the production of the requested documents.

It is therefore

**ORDERED** that Plaintiff's motion for subpoenas *duces tecum* is denied with leave to re-file to provide the court with the additional information outlined above within fourteen (14) days from the date of this order.

*PJG*

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 4, 2019
Columbia, South Carolina